Filed 3/29/22  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093543 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F06795) |
| v. | |
| ELIAS GARCIA, | |
| Defendant and Appellant. | |

A jury found defendant Elias Garcia guilty of murder and found true a special circumstance enhancement that the murder occurred during the commission of an attempted robbery.  Defendant filed a petition for resentencing under Penal Code section 1170.95[1] alleging he was not the actual killer, did not have the intent to kill, and was not a major participant who acted with reckless indifference to human life.  The trial court denied the petition, in part, because of the special circumstance finding.  On appeal,

_____

[1]  Undesignated statutory references are to the Penal Code.

1

defendant contends he can challenge the special circumstance finding through a section 1170.95 petition. We affirm, concluding the special circumstance finding renders defendant ineligible for relief as a matter of law.

BACKGROUND

During trial, witnesses testified to seeing four men get out of a car and walk towards an apartment, hearing a gunshot, and then seeing the men run back to the car and leave. Two accomplices testified defendant was the "group's ringleader" and that the group went to the apartment to rob the occupant, Donald Kirby. Defendant struggled with Kirby after he opened the door and the gun fired, striking Kirby in the head, killing him. (*People v. Garcia* (Mar. 27, 2018, C077082) [nonpub. opn.] (*Garcia*).)[2]

On February 24, 2014, the jury found defendant guilty of first degree murder and attempted second degree robbery, and found true the special circumstance defendant was engaged in the attempted commission of robbery during the murder. The jury instructions for the special circumstance finding, under CALCRIM No. 730, required the jury to find defendant committed robbery and that he "did an act that caused the death of another person." If the jury found defendant "guilty of first degree murder but was not the actual killer," the jury could still find the special circumstance true, under CALCRIM No. 703, if they also found defendant was a major participant in the crime and "[w]hen the defendant participated in the crime, he acted with reckless indifference to human life."

---

[2] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

Defendant was sentenced to life in prison without the possibility of parole. Defendant appealed and we affirmed his conviction and sentence. (*Garcia, supra*, C077082.)

On January 4, 2019, defendant filed a petition for resentencing under section 1170.95 to vacate his murder conviction. Defendant alleged he was not the actual killer, did not act with the intent to kill, and was not a major participant who acted with reckless indifference to human life. He also declared he was convicted of first degree murder under the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of first degree murder because of changes made to sections 188 and 189. Defendant's counsel also filed a brief specifically addressing the jury's special circumstance finding.

On February 2, 2021, the trial court denied defendant's petition because the jury's special circumstance finding foreclosed relief and the record of conviction discloses defendant was the actual killer.

Defendant timely appealed.

### DISCUSSION

Defendant argues the trial court erred because the jury's special circumstance finding cannot preclude eligibility for relief under section 1170.95 as a matter of law after the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). We conclude the special circumstance finding remains valid and renders defendant ineligible as a matter of law.[3]

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not

---

[3] We consequently do not address defendant's secondary argument that the trial court erred in alternatively finding defendant was the actual killer.

imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this by amending sections 188 and 189. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

Senate Bill 1437 also added section 1170.95, which provides "a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Under this procedure, a defendant files a petition for resentencing and trial courts first review the petition to determine whether the petitioner has made a prima facie case for relief. (§ 1170.95, subds. (a)-(c).) In deciding whether a prima facie case is made, a court may review the defendant's record of conviction "to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis, supra*, 11 Cal.5th at p. 971.) If a prima facie case is made, the trial court issues an order to show cause and holds an evidentiary hearing to determine whether to vacate the conviction and recall the sentence. (§ 1170.95, subd. (d).)

The special circumstance finding here, as part of defendant's record of conviction, necessarily establishes the jury found defendant was, at a minimum, a major participant in Kirby's killing who acted with reckless indifference to human life. This renders him ineligible for relief as a matter of law because major participants who acted with reckless indifference to human life are still liable for murder even after Senate Bill 1437. (§ 189, subd. (e)(3).)

Defendant does not dispute this analysis. Instead, defendant contends that the trial court could overturn his special circumstance finding through his section 1170.95 petition after *Banks* and *Clark*. In these two cases, filed after defendant's trial, the California Supreme Court clarified the analysis for what constitutes a major participant and what it means to act with reckless indifference to human life. (*Banks, supra*, 61 Cal.4th at p. 803 [detailing factors to consider in determining whether a defendant was a major

4

participant]; *Clark, supra*, 63 Cal.4th at pp. 618-623 [detailing factors to consider in determining whether a defendant acted with reckless indifference to human life].)  In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstance findings reversed for insufficient evidence under the clarified analysis.  (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.)

As defendant notes in his briefs, there is now a split among appellate courts on whether a defendant may make a *Banks*/*Clark* challenge of a special circumstance finding in a section 1170.95 petition.  Some courts have found that a defendant must first challenge these findings through a habeas corpus petition.  (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 [same], review granted Oct. 14, 2020, S264284; *People v. Simmons* (2021) 65 Cal.App.5th 739, 749 [same], review granted Sept. 1, 2021, S270048.)  Whereas other courts have found that a defendant may challenge his or her special circumstance finding with a section 1170.95 petition.  (*People v. York* (2020) 54 Cal.App.5th 250, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954; *People v. Mejorado* (2022) 73 Cal.App.5th 562, 571 [same].)

We will not expound further on the extensive analysis already performed by these cases on this issue.  It suffices to say we find more persuasive the cases concluding section 1170.95 is not the appropriate avenue to challenge a special circumstance finding.  Consequently, the jury's true finding on the special circumstance allegations remains valid, rendering defendant ineligible for resentencing under section 1170.95.

Defendant is not without remedy.  He may still seek relief through a habeas corpus petition to challenge the special circumstance finding under *Banks* and *Clark*.  (See *In re Scoggins, supra*, 9 Cal.5th at pp. 673-674 [finding "[w]here a decision clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision" may seek relief through " 'habeas corpus or other appropriate extraordinary remedy' "]; *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)  If he is successful, he may file another section 1170.95 petition and will be eligible for resentencing.  (§ 1170.95, subd. (d)(2) ["If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner"].)

DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


           /s/           
          EARL, J.



We concur:


      /s/           
HOCH, Acting P. J.



      /s/           
KRAUSE, J.


6